IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| APPLETON PICKETT, JR., | Civ. No. 05-298-HO |
| Petitioner, | Order |
| v. | |
| GUY HALL, Superintendent, | |
| Respondent. | |

Petitioner, a state prisoner, filed a motion for a new trial and a motion to stay federal habeas corpus proceedings and hold them in abeyance pending exhaustion of state remedies.

## Discussion

Petitioner's motion for new trial is denied without prejudice. The motion, signed by petitioner and based on federal authority, is dated May 19, 2005, and was filed with the court on May 25, 2005, one day after the court appointed counsel. If petitioner prevails on the merits, he will have the opportunity through counsel to advise the court of his views regarding appropriate relief. See L.R. 83.9(b).

In limited circumstances, a district court may, without abusing its discretion, stay and hold in abeyance federal habeas corpus proceedings to enable the petitioner to exhaust claims in state proceedings. Rhines v. Weber, 125 S.Ct. 1528, 1534-35 (2005). Petitioner must demonstrate, inter alia, good cause for the failure to previously exhaust a claim. Id.

Petitioner seeks a stay and abeyance in order to exhaust his claim that conviction by a non-unanimous jury violates the right to jury trial guaranteed by the Sixth Amendment. Petitioner finds this right announced in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004). He argues that these cases necessarily overrule Apodaca v. Oregon, 406 U.S. 404 (1972), wherein the Supreme Court held that conviction of crime by less than unanimous jury does not violate the right to jury trial specified by the Sixth Amendment. Respondent argues that stay and abeyance would be futile, because Oregon's courts will not entertain plaintiff's claims, having held that Apprendi, and by extension, Blakely, does not apply retroactively in post conviction proceedings. The rule petitioner derives from these cases, the requirement of jury unanimity, has not been held to not apply retroactively. Respondent thus does not demonstrate that petitioner's claims are plainly meritless based on authority holding that Apprendi and Blakely do not apply retroactively to cases on collateral review.

The court nevertheless finds that petitioner has not demonstrated good cause for failing to previously exhaust this claim. While petitioner argues that he diligently pursued this claim within one year of the decision in <u>Blakely</u>, and shortly after the Oregon Supreme Court recognized the controlling impact of <u>Blakely</u> to Oregon criminal cases in <u>State v. Dilts</u>, 82 P.3d 593 (Or. 2004) (<u>Dilts II</u>), his citation to <u>Apprendi</u> indicates that he could have raised this claim during his direct appeal and initial post conviction proceedings. In fact, petitioner is relying on much older authority than <u>Apprendi</u>, namely, "Blackstone's famous commentary on unanimous suffrage," published in 1769, and cited in dicta in <u>Apprendi</u> and <u>Blakely</u>. Pet's Memo. at 13.

## Conclusion

Based on the foregoing, petitioner's motion for new trial [#9] is denied without prejudice, and petitioner's motion to stay federal proceedings and hold them in abeyance [#12] is denied.

IT IS SO ORDERED.

DATED this 29th day of August, 2005.

Michael R. Hogan
United States District Judge